The M. A. True Printing and Engraving Company
v. Harford J. Perkins and Willis J. Perkins.

*Findings of fact—Practice in Supreme Court.*

The *weight* to be given to evidence supporting the facts found by
the trial court cannot be passed upon by the appellate court.

Error to Kent. (Montgomery, J.) Argued January 24
and 25, 1889. Decided February 1, 1889

*Assumpsit.* Defendants bring error. Affirmed. The
facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for appellants.
*Edwin F. Uhl,* for plaintiff.

[The briefs are confined to a discussion of the evidence.
—Reporter.]

Long, J. This is an action of *assumpsit* brought in
the circuit court for Kent county, and the cause was
tried before the court without a jury, and judgment
rendered for plaintiff on July 1, 1886, for $382.87.
Defendants bring error.

It appears that, findings having been demanded, the
trial court made the following findings of fact and law:

"1. The plaintiff is a corporation organized under the
laws of the State of Michigan, and engaged in the busi-
ness of job printing. The defendants are copartners,
doing business under the firm name of Perkins & Co.,
and are manufacturers of mill machinery.

"2. About March 1, 1885, the plaintiff agreed to fur-
nish the defendants 16,000 illustrated catalogues, of 40-
pound paper, for the sum of $470.95, which the defend-
ants agreed to receive and pay therefor in said sum, upon
completion.

" 3. Four thousand of these catalogues were to be printed with the name of Perkins & Co., and their place of business, Grand Rapids, Mich., appearing on the title-page, and on the various cuts in the 12,000 copies the words ' Grand Rapids, Mich.,' were to be omitted.

" 4. The contract provided that the plaintiff should do a good and workman-like job; a good job of the kind; a first-class job for the character of the work contracted for.

" 5. By the contract the defendants were to furnish the cuts to be used in making the catalogues, and, in order that the words ' Grand Rapids, Mich.,' should not appear in the 12,000 catalogues, it was necessary that either new cuts should be furnished, or that those words should be removed from the cuts.

" 6. The defendants instructed the plaintiffs to cut out the said words from certain of the cuts, and from certain other cuts the defendants furnished their own engraver to remove the said words. The plaintiff followed the instructions of the defendants, and removed such words in the manner directed by defendants.

" 7. Four thousand catalogues were printed complete with the name Perkins & Co. and their said address, delivered to and received by the defendants in April, 1885, and an adjustment and settlement made between the parties hereto of the same.

" 8. The plaintiff, on May 1, 1885, in accordance and compliance with the terms of the contract, and instructions of said defendants, printed, bound, completed, and tendered to the said defendants the remaining 12,000 catalogues, and performed the said contract on their part to be performed; and the defendants refused to accept the said 12,000 catalogues, or any part of them, and refused to pay for the same, or any of them.

" 9. The sum or price which the defendants agreed to pay the plaintiff for the said 12,000 catalogues is the sum of $353.96."

CONCLUSION OF LAW.

" The plaintiff is entitled to recover judgment against said defendants for the aforesaid agreed sum of $353.96, together with interest thereon from May 1, 1885, at 7 per cent."

The court afterwards allowed two amendments to these findings, but they are not material to the questions now raised. Defendants' counsel proposed three other amendments, which were not allowed by the court. Exceptions were filed to these findings, and to the refusal of the court to allow the proposed amendments.

All of the assignments of error, except one, are directed to the question that there is no evidence in the case to support the findings, and the refusal of the court to allow the amendments proposed by defendants' counsel. The evidence is set out in the bill of exceptions.

The argument of defendants' counsel here is directed mainly to two points:

1. That there is no evidence showing that 12,000 catalogues were furnished defendants with the words "Grand Rapids, Mich.," omitted.
2. That the evidence is conclusive that the work on these 12,000 catalogues was not done "in good and workman-like manner; a good job of the kind, a first-class job for the character of the work contracted for."

The court found that this was the contract under which the plaintiff was to do the work; and also found that the—

"Plaintiff, on May 1, 1885, in accordance and compliance with the terms of the contract, and instructions of said defendants, printed, bound, completed, and tendered to the said defendants the remaining 12,000 catalogues, and performed the said contract on their part to be performed; and the defendants refused to accept the said 12,000 catalogues, or any part of them, and refused to pay for the same, or any of them."

There is no contention here as to what the terms of the contract were. They are conceded to be as found by the court. We need not go over the record, and point out the testimony sustaining the findings. There was evidence given tending to show the delivery or tender of

these 12,000 catalogues to the defendants, with the words "Grand Rapids, Mich.," omitted; and testimony also given showing or tending to show that the work was done in compliance with the contract and instructions of defendants.

It appears that one of the defendants was in and out of the printing office almost every day while the work was being done, and saw the work as it progressed. Instead of furnishing new plates with these words omitted, one of the defendants gave direction to cut the words out of the plates used on the first 4,000, and use them in printing the balance. He was told that this would not look well cut out in that way, and said that it did not make any difference; it had to come out anyway. These questions now raised here were in controversy on the trial. Testimony was given by both parties in relation to it, and the trial court found the facts against the defendants. These facts so found are supported by some evidence. The weight to be given to that evidence was for the court below; we cannot pass upon it.

We need not discuss the other questions raised. We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.